UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BLANCA LORENA REYES JIMENEZ, individually and on behalf of all others similarly situated,

                                Plaintiff,

     -against-

GARVIES POINT BAGEL CORP. d/b/a BRENDEL'S BAGELS & EATERY OF NEW YORK and CRAIG BERESID and STACY BERESID, as individuals,

                                Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiff, **BLANCA LORENA REYES JIMENEZ**, (hereinafter referred to as "Plaintiff") by her attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, brings this action against **GARVIES POINT BAGEL CORP. d/b/a BRENDEL'S BAGELS & EATERY OF NEW YORK and CRAIG BERESID and STACY BERESID, as individuals** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 350 Herb Hill Road, Glen Cove, NY 11542.

2. Plaintiff also complains pursuant to the New York State Human Rights Law, New York State Executive Law §§ 296 *et seq.* ("NYSHRL") and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated on the basis of her disability by Defendants.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiff*

8. Plaintiff BLANCA LORENA REYES JIMENEZ residing at Glen Cove, NY was employed by GARVIES POINT BAGEL CORP. d/b/a BRENDEL'S BAGELS & EATERY OF NEW YORK, from in or around April 2020 until in or around December 2023.

### *The Defendants*

### Garvies Point Bagel Corp.

9. Upon information and belief, Defendant GARVIES POINT BAGEL CORP., is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 350 Herb Hill Road, Hauppauge, NY 11788.

10. Upon information and belief, Defendant, GARVIES POINT BAGEL CORP., is registered in the New York Department of State, Division of Corporation with service of process address at 950 Wheeler Road, Hauppauge, NY 11788.

11. Upon information and belief, Defendant, GARVIES POINT BAGEL CORP., is a New York domestic business corporation authorized to do business under the laws of New York.

### Individual Defendants Craig Beresid and Stacy Beresid

12. At all relevant times hereto, Defendants CRAIG BERESID and STACY BERESID are the owners of GARVIES POINT BAGEL CORP. d/b/a BRENDEL'S BAGELS & EATERY OF NEW YORK.

13. At all relevant times hereto, Defendants CRAIG BERESID and STACY BERESID are agents of GARVIES POINT BAGEL CORP. d/b/a BRENDEL'S BAGELS & EATERY OF NEW YORK.

14. At all relevant times hereto, CRAIG BERESID and STACY BERESID are responsible for overseeing all daily operations of GARVIES POINT BAGEL CORP. d/b/a BRENDEL'S BAGELS & EATERY OF NEW YORK.

15. At all relevant times hereto, CRAIG BERESID and STACY BERESID have power and authority over all the final personnel decisions of GARVIES POINT BAGEL CORP. d/b/a BRENDEL'S BAGELS & EATERY OF NEW YORK.

16. At all relevant times hereto, CRAIG BERESID and STACY BERESID have the power and authority over all final payroll decisions of GARVIES POINT BAGEL CORP. d/b/a BRENDEL'S BAGELS & EATERY OF NEW YORK, including the Plaintiff.

17. At all relevant times hereto, CRAIG BERESID and STACY BERESID have the exclusive final power to hire the employees of GARVIES POINT BAGEL CORP. d/b/a BRENDEL'S BAGELS & EATERY OF NEW YORK, including the Plaintiff.

18. At all relevant times hereto, CRAIG BERESID and STACY BERESID have exclusive final power over the firing and terminating of the employees of GARVIES POINT BAGEL CORP. d/b/a BRENDEL'S BAGELS & EATERY OF NEW YORK, including Plaintiff.

19. At all relevant times hereto, CRAIG BERESID and STACY BERESID are responsible for determining, establishing, and paying the wages of all employees of GARVIES POINT BAGEL CORP. d/b/a BRENDEL'S BAGELS & EATERY OF NEW YORK, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

20. Accordingly, at all relevant times hereto, Defendants CRAIG BERESID and STACY BERESID were Plaintiff's employers within the meaning and the intent of the NYLL and FLSA.

21. On information and belief, GARVIES POINT BAGEL CORP. d/b/a BRENDEL'S BAGELS & EATERY OF NEW YORK, are, at present and have been at all times relevant to the allegations in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS
### *i.    Wage and Hour Allegations*

22. Plaintiff BLANCA LORENA REYES JIMENEZ was employed by GARVIES POINT BAGEL CORP. d/b/a BRENDEL'S BAGELS & EATERY OF NEW YORK, as a cook, while performing related miscellaneous duties for the Defendants, from in or around April 2020 until in or around December 2023.

23. Plaintiff BLANCA LORENA REYES JIMENEZ regularly worked seven (7) days per week from in or around April 2020 until in or around December 2023.

24. During Plaintiff's employment with the Defendants, Plaintiff regularly worked a schedule of shifts beginning at approximately 4:00 a.m. each workday and regularly ending at approximately 2:00 p.m. or later, seven (7) days per week, from in or around April 2020 until in or around December 2023.

25. Thus, Plaintiff was regularly required to work approximately seventy (70) hours each week from in or around April 2020 until in or around December 2023.

26. Plaintiff BLANCA LORENA REYES JIMENEZ was paid by Defendants a flat hourly rate of approximately $15.00 per hour from in or around April 2020 until in or around December 2020; approximately $16.00 per hour from in or around January 2021 until in or around December 2021; and approximately $17.00 per hour from in or around January 2022 until in or around December 2023.

27. Although Plaintiff BLANCA LORENA REYES JIMENEZ regularly worked approximately seventy (70) hours or more hours per week from in or around April 2020 until in or around December 2023, Defendants did not pay Plaintiff at a wage rate of time


and a half (1.5) for her hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

28. Further, Plaintiff BLANCA LORENA REYES JIMENEZ was not compensated at all for her last week of employment with the Defendants.

29. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

30. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

31. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

32. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have receiving for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

33. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

### ii. *Discrimination Allegations*

34. On December 7, 2023, Plaintiff felt sharp pain in her abdomen and she went to the hospital, where she was diagnosed with infection and hemorrhage in her kidneys.

35. Plaintiff's partner called Defendant CRAIG BERESID to tell him that Plaintiff would not be able to come to work that day due to her condition. Defendant told him that it was okay.

36. Plaintiff had to be admitted in the hospital until December 11, 2023 due to her diagnosis.

5

37. On December 14, 2023, Plaintiff's doctor gave her a medical letter indicating that she would be able to return to work without restrictions on December 18, 2023.

38. Plaintiff provided the medical letter to her co-worker, "Carlos," who, in turn, provided the letter to co-owner and Plaintiff's supervisor, Defendant STACY BERESID, on December 15, 2023.

39. As such, Defendants were on notice as to Plaintiff's diagnosis and disability preventing her from returning to work.

40. On December 17, 2023, the day before Plaintiff would be physically cleared to return to work, Defendant CRAIG BERESID called her, informing of her termination, despite Plaintiff providing Defendants with medical documentation clearly explaining her absence.

41. As such, it is clear that Defendants terminated Plaintiff because of Plaintiff's health condition rather than allow Plaintiff to recover from her diagnosis and disability and return to work.

42. Defendants refused to provide Plaintiff with a very basic medical accommodation despite her disability and diagnosis and medical documentation of such.

43. Based on the above, as well as on the temporal proximity between Plaintiff's disclosure of her health condition and need for a reasonable accommodation, and the time that Plaintiff was terminated, it is clear that Defendants retaliated against Plaintiff due to her health condition, and need for accommodations.

44. Defendants possessed no good faith business justification for the actions taken against Plaintiff herein.

45. Plaintiff had never been written up or otherwise disciplined during her employment prior to her termination.

46. Plaintiff has been unlawfully discriminated against on the basis of her actual and/or perceived disabilities.

47. Defendants acted intentionally and intended to harm Plaintiff due to the fact that Plaintiff has health conditions.

48. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

49. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of the Court.

50. Plaintiff felt offended, disturbed, and humiliated by the blatantly unlawful and discriminatory termination.
51. Plaintiff was unlawfully discriminated and retaliated against, humiliated, and degraded.
52. Defendant's actions and conduct were intentional and intended to harm Plaintiff.
53. As a result of Defendant's actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.
54. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further experienced severe emotional distress.
55. As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdiction of the Court.
56. Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.
57. As such, Plaintiff demands punitive damages as against the Defendant.

## COLLECTIVE ACTION ALLEGATIONS

58. Plaintiff brings this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.
59. Collective Class: All persons who are or have been employed by the Defendants as cooks, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.
60. Upon information and belief, Defendants employed approximately 12 or more employees within the relevant time period who were subjected to similar payment structures.

61. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
62. Defendants' unlawful conduct has been widespread, repeated, and consistent.
63. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.
64. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.
65. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
66. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
67. The claims of Plaintiff are typical of the claims of the putative class.
68. Plaintiff and her counsel will fairly and adequately protect the interests of the putative class.
69. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

70. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
71. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
72. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

73. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

74. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

75. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

76. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

**Overtime Wages Under New York Labor Law**

77. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

78. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

79. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

80. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

81. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

82. Defendants willfully failed to pay Plaintiff's wages for hours worked in violation of 29 U.S.C. §206(a).

83. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiff.

84. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

85. Plaintiff incorporates by reference all allegations in all preceding paragraphs.

86. At all times relevant to this action, Plaintiff were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

87. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

88. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

89. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

90. Defendants failed to provide Plaintiff with wage statements, upon each payment of her wages, as required by NYLL §195(3).

91. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

92. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

93. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

94. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION FOR DISCRIMINATION
**Violation of the Requirements of the New York State Executive Law**

95. Plaintiff repeats, reiterates, and re-alleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

96. The New York State Executive Law § 296(1)(a) provides in pertinent part:

   *It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, **disability**, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.*

97. Defendants violated this section as set forth herein.

## EIGHTH CAUSE OF ACTION
**Violation of the Requirements of the New York State Executive Law**

98. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

11

99. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

100. Defendants violated this section as set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Declaring that Defendants engaged in unlawful employment practices prohibited by the NYSHRL, and NYLL in that Defendants discriminated against Plaintiff on the basis of her disability;

c. Awarding Plaintiff's unpaid overtime wages;

d. Awarding Plaintiff's unpaid wages;

e. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

g. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

h. Awarding Plaintiff punitive damages;

i. Awarding Plaintiff prejudgment and post-judgment interest;

j. Awarding Plaintiff, the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated:   June 24, 2024
          Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BLANCA LORENA REYES JIMENEZ, individually and on behalf of all others similarly situated,

<div align="center">Plaintiff,</div>

-against-

GARVIES POINT BAGEL CORP. d/b/a BRENDEL'S BAGELS & EATERY OF NEW YORK and CRAIG BERESID and STACY BERESID, as individuals,

<div align="center">Defendants,</div>

<div align="center">

**COLLECTIVE ACTION COMPLAINT**

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
</div>

*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

*Service via Secretary of State:*
**GARVIES POINT BAGEL CORP. d/b/a BRENDEL'S BAGELS & EATERY OF NEW YORK (DOS ID: 3788314)**
950 Wheeler Road, Hauppauge, NY 11788

*Via Personal Service:*
**GARVIES POINT BAGEL CORP. d/b/a BRENDEL'S BAGELS & EATERY OF NEW YORK**
350 Herb Hill Road, Glen Cove, NY 11542

**CRAIG BERESID**
350 Herb Hill Road, Glen Cove, NY 11542

**STACY BERESID**
350 Herb Hill Road, Glen Cove, NY 11542