Case 2:24-cv-04449-SJB-JMW   Document 49   Filed 10/07/25   Page 1 of 7 PageID #: 133

FILED
CLERK

10/7/2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
BLANCA LORENA REYES JIMENEZ,
individually and on behalf of all others similarly
situated,

                *Plaintiff*,

    -against-

GARVIES POINT BAGEL CORP. d/b/a
BRENDEL'S BAGELS & EATERY OF NEW
YORK and CRAIG BERESID and STACY
BERESID, as individuals,

                *Defendants*.
-------------------------------------------------------------X

**ORDER**

24-CV-04449 (SJB) (JMW)

**WICKS,** Magistrate Judge:

        Plaintiff Blanca Lorena Reyes Jimenez[1] ("Plaintiff") commenced the underlying action against Garvies Point Bagel Corp. d/b/a Brendel's Bagels & Eatery of New York, Craig Beresid, and Stacy Beresid (collectively, the "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Laws ("NYLL"), and New York State Executive Law. (*See generally*, ECF No. 1.) On April 11, 2025, Brian J. Shenker ("Shenker") appeared to represent Defendants in this matter. (ECF No. 34.) Shortly thereafter, Sheila Krische ("Krische" and collectively with Shenker "Counsel") appeared as well for Defendants. (ECF No. 36.) Now before the Court is Shenker's Motion to Withdraw as Counsel on behalf of Jackson Lewis P.C.[2] (the "Firm") (ECF No. 37), which is opposed by Defendants (ECF No. 42). A hearing on the

---

[1] Plaintiff does not oppose the instant application and takes no position here. (*See* ECF No. 48.)

[2] Shenker and Krische are co-counsel from Jackson Lewis, P.C. The application seeks withdrawal of the Firm, and the Court construes this as an application for both attorneys to withdraw pursuant to E.D.N.Y. Local Rule 1.4.

1

Motion was held on October 7, 2025. For the reasons that follow, the Motion to Withdraw (ECF No. 37) is **GRANTED**.

## THE LEGAL FRAMEWORK

Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs the withdrawal of counsel.

> [A]n attorney who has appeared for a party may be relieved or displaced only by order of the court. Such an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien. … All motions to withdraw must be served upon the client and (unless excused by the court) upon all other parties. Proof of such service upon the client shall be filed on the docket in each case where withdrawal is sought.[3]

Local Civ. R. 1.4(b).

"Whether to grant or deny a motion to withdraw as counsel is within the sound discretion of the district court." *Finkel v. Fraterrelli Brothers, Inc.*, No. 05-CV-1551 (ADS) (AKT), 2006 WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F.2d 317, 320 (2d Cir. 1999)). "In determining whether to grant a motion to withdraw as counsel, 'district courts ... analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding.'" *Schwartz v. AMF Bowling Ctr., Inc.*, 746 F. Supp. 3d 1, 6 (E.D.N.Y. 2024) (quoting *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 08-CV-6469 (DAB) (JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011)). New York's Rules of Professional Conduct ("NYRPC")[4] neatly divide the bases for withdrawal into two broad categories, namely, mandatory (*see* NYRPC Rule 1.16(b)) and permissive (*see* NYRPC Rule 1.16(c)).

---

[3] As part of the motion, Counsel submitted a Declaration of Service that he served his motion to withdraw and supporting documents upon Defendants via electronic mail on August 26, 2025. (*See* ECF No. 40.)

[4] "The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting

2

## **DISCUSSION**

Withdrawal is sought here under three of the enumerated "permissive" sections of Rule 1.16(c) (ECF No. 44), namely,

> (4) the client insists upon taking action with which the lawyer has a fundamental disagreement.
>
> * * *
>
> (6) the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law.
>
> (7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively.

*See* NYRPC Rule 1.16(c)(4), (6) and (7).

Satisfactory reasons for permissive withdrawal include "the existence of irreconcilable conflict between attorney and client." *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014); *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 657 B.R. 382, 388 (Bankr. S.D.N.Y. 2024) (same). Defendants oppose this motion and argue that no "conflict" between them and Counsel exists. (ECF No. 42 at 1.)

As for the first ground advanced under section 1.16(c)(4), Counsel filed under seal the documentation describing the details of the fundamental disagreement. (ECF No. 46.) Without outlining such details, the Court having reviewed the submissions, and evidence of a breakdown of the attorney-client relationship, concludes that there indeed is a fundamental disagreement between Counsel and Defendants justifying withdrawal. *See L.V. v. New York City Dep't of Educ.*, No. 19-CV-05451 (ATK)(HP), 2020 WL 6782234, at *3 (S.D.N.Y. Nov. 17, 2020) ("Having

---

in New York as well as in New York State courts." *Steele v. Bell*, No. 11-CV-9343 (RA), 2012 WL 6641491, at *2 n.1 (S.D.N.Y. Dec. 19, 2012) (citation omitted).

reviewed Plaintiffs' counsel's submission, and after having spoken with L.V. and her counsel, the Court is satisfied that a fundamental disagreement exists between counsel and L.V. that is not able to be resolved and that withdrawal is justified.") In particular, Defendants and Counsel have fundamental disagreement on strategy or approach on how to proceed in the litigation. *Winters v. Phountain PH Holdings Corp.*, No. 23-CV-01668 (JMA) (JMW), 2024 WL 198381, at *4 (E.D.N.Y. Jan. 18, 2024) (quoting *Casper v. Lew Lieberbaum & Co.*, No. 97-CV-3016 (JGK) (RLE), 1999 WL 335334, at *4 (S.D.N.Y. 1999)  ("[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.")). As alleged, under Rule 1.16(c)(6), Defendants would like to proceed with certain litigation strategies that are not "warranted under existing law" and Counsel has advised against said actions. *See* Rule 1.16(c)(6). "[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client." *Karimian v. Time Equities, Inc.*, No. 10-CV-3773 (AKH) (JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (quoting *U.S. v. Lawrence Aviation Industries,* No. 06 CV 4818, 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011)) (collecting cases).

As to NYRPC 1.16(c)(7), these differing interests "renders the representation unreasonably difficult for the lawyer to carry out employment effectively." NYRPC 1.16(c)(7). A review of the sealed documents illustrates Defendants' insistence chart a path in one direction, that is, not advised by Counsel. Notably, Shenker claims that the "Firm has further counseled the Defendants as to the legal considerations underlying the Firm's reluctance to pursue their preferred approach, as well as the potential consequences of doing so." (ECF No. 38 at 2.) Once Counsel informed Defendants that they would seek to withdraw, Defendants continued to discuss and insist on implementing their strategy on the case, which was "inappropriate" and

"unjustified". (ECF No. 43 at 2.) *See Papadatos v. Home Depot U.S.A, Inc.*, No. 21-CV-3208 (WFK) (JMW), 2022 WL 2612353, at *2 (E.D.N.Y. June 10, 2022) ("When a client makes it unreasonably difficult for an attorney to effectively carry out representation for the client, that is sufficient grounds to grant a motion to withdraw.") *Au fond*, the Declaration filed under seal makes clear that the conflict between and among Defendants and Counsel is palpable.

Considering the moving papers (ECF Nos. 37-39, 43-44, 46) and opposition (ECF Nos. 42, 45, 47), it demonstrates a clear breakdown in the attorney-client relationship. *See Naguib v. Pub. Health Sols.*, No. 12-CV-2561 (ENV) (LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) ("Both Mr. Suffin's motion and plaintiff's opposition reflect that the attorney-client relationship has broken down."); *see also Interpool, Inc. v. JJS Transportation & Distribution Co.*, No. 22-CV-01103 (JMA) (JMW), 2022 WL 17335670, at *5 (E.D.N.Y. Nov. 30, 2022) ("When a client makes it unreasonably difficult for an attorney to effectively carry out representation for the client—like here—that is sufficient grounds to grant the application.") Therefore, since the grounds for withdrawal under Rule 1.16(c)(4), (6) and (7) have been met, Counsel's motion to withdraw is granted. *See Krick v. Raytheon Co.*, No. 23-CV-8093, 2024 WL 4441029, at *4 (E.D.N.Y. Oct. 8, 2024), *appeal denied*, 757 F. Supp. 3d 342 (E.D.N.Y. 2024) (quoting *City Merch. Inc. v. Tian Tian Trading Inc.*, No. 19-CV-09649 (MKV), 2021 WL 119075, at *4 (S.D.N.Y. Jan. 13, 2021) (collecting cases) ("Several courts have found that serious disagreements over litigation strategy and a breakdown in communication between attorney and client are grounds sufficient for withdrawal.")).

In light of the grant of the motion, a stay is appropriate.  The Court looks to "'the posture of the case' and whether 'the prosecution of the suit is likely to be disrupted by the withdrawal of counsel.'"  *Lombardo v. JPMorgan Chase Bank, N.A.*, No. 20 CV 6813 (VB), 2024 WL

4707937, at *3 (S.D.N.Y. Nov. 7, 2024) (quoting *Whiting*, 187 F.3d at 320–21). Here, all parties request a limited stay for Defendants to obtain new counsel. (ECF Nos. 39 at 4; 42 at 1.) "Courts often find it appropriate to grant a short stay in order to alleviate any possible prejudice to the client whose counsel is withdrawing and allow the client time to find new counsel." *Bueno v. Allcity Med., P.C.*, No. 22-CV-2216 (JGLC) (KHP), 2023 WL 7001398, at *3 (S.D.N.Y. Oct. 17, 2023). As detailed below, a stay is appropriate to prevent prejudice to Defendants.

The argument made by Defendants that withdrawal would cause "substantial prejudice" is not supported by the record. (ECF No. 42 at 1.) At this stage, all dates have already elapsed with the exception of close of all fact discovery, which is now October 24, 2025. (*See* Electronic Order dated 4/29/2025.) The Status Conference that was scheduled for September 8, 2025 has also been adjourned *sine die* pending the outcome of the instant motion. (*See* Electronic Order dated 9/4/2025.) Defendants are aware of the October 24th deadline as evidenced in their sur-reply (ECF No. 47 at 1), and upon appearance of new counsel for Defendants, the Court will likely reset new dates and deadlines. A stay provides sufficient time and opportunity for Defendants to seek to retain counsel, and for new counsel to become familiar with the matter. *See Allen v. Krucial Staffing, LLC*, No. 20-CV-2859 (JGK), 2022 WL 2106447, at *2 (S.D.N.Y. June 9, 2022) (granting a thirty-day stay of proceedings after granting a motion to withdraw to ensure that plaintiffs have time to retain new counsel or decide to proceed *pro se*); *see also Russo v. Costco Wholesale Corp.*, No. 22-CV-03130 (VR), 2025 WL 2393533, at *2 (S.D.N.Y. July 30, 2025) ("Although Defendant Costco opposes the withdrawal motion on the ground that it may impact the trial schedule, it has not shown any actual prejudice from an adjournment.")

6

## **CONCLUSION**

For the reasons stated above, the Motion to Withdraw as counsel for Defendants (ECF No. 37) is **GRANTED**. All proceedings in this case are stayed until **December 5, 2025**, so that Defendants are afforded the opportunity to retain substitute counsel.[5] The parties shall appear for an in-person Status Conference on **December 8, 2025 at 11:00AM** before the undersigned. Outgoing counsel is directed to serve a copy of this Order upon Defendants at their last known address and email address and file proof of service on ECF **within two business days**.

Dated: Central Islip, New York
October 7, 2025

S O   O R D E R E D:

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

---

[5] Defendant Garvies Point Bagel Corp. d/b/a Brendel's Bagels & Eatery of New York may not appear pro se and must retain counsel. "A person who is not an attorney may only represent themselves in a pro se action; they may not represent another entity." *Krick*, 2024 WL 4441029, at *5; s*ee also La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 348 (E.D.N.Y. 2009) ("Such a failure to obtain counsel constitutes a failure to defend because corporations cannot proceed in federal court pro se.") (citing *Shapiro, Bernstein & Co. v. Contl Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) (per curiam)). Failure to appear with counsel could lead to a recommendation of default. *See Testaccio v. Rahim*, No. 21-CV-1916 (JS) (AYS), 2021 WL 1999411, at *1 (E.D.N.Y. May 19, 2021) (this "rule has been applied to dismiss any action or motion filed by a corporation purporting to act pro se.")